**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| KIA LEWIS, | ) | | |
| Plaintiff, | ) | | |
| | ) | | **CIVIL ACTION** |
| v. | ) | | **NO. 08-cv-1144** |
| | ) | | |
| TRIBECA LENDING, et al. | ) | | |
| | ) | | |
| Defendants. | ) | | |

---

**MEMORANDUM OPINION AND ORDER**

RUFE, J.                                                          **October 16, 2009**

Before this Court is Defendants/Third Party Plaintiffs' Request for Default Judgment[1] and Third Party Defendant's Motion to Strike And, In the Alternative, Petition to Open and Stay Judgment[2]. For reasons set forth below, Defendants/Third Party Plaintiffs' Request for Default Judgment is **DENIED** and Third Party Defendant's Motion to Strike And, In the Alternative, Petition to Open and Stay Judgment is **GRANTED**.

I.      BACKGROUND

On March 6, 2008, Plaintiff Kia Lewis filed suit against Defendants Tribeca Lending Corporation and Franklin Credit Management Corporation (hereinafter "Third Party Plaintiffs") seeking rescission of a refinance loan on her residence and damages under the Truth in Lending Act, 15 U.S.C. §§1631-1650 ("TILA").[3] On January 26, 2009, Third Party Plaintiffs timely filed an Answer to Plaintiff's Complaint denying any wrongdoing or liability.[4]

---

[1] Docket Entry No. 23.

[2] Docket Entry No. 25.

[3] Docket Entry No. 1.

[4] Docket Entry No. 14.

On February 9, 2009, Third Party Plaintiffs filed a Third Party Complaint[5] against Transtar National Title Company (hereinafter "Third Party Defendant" or "Transtar") seeking contribution and/or indemnification for Plaintiff's claims.[6]  Personal service was effectuated on Third Party Defendant via Ms. Cheryl Ramold, Vice President of Transtar, on February 17, 2009.[7]  Third Party Defendant's Answer was due within 20 days after service of the summons and complaint[8], however, no responsive pleading has been filed by Third Party Defendant to date.  On June 10, 2009, Third Party Plaintiffs requested that the Clerk enter default against Third Party Defendant for its failure to appear, plead, or otherwise defend[9] and the Clerk did so in accordance with Federal Rule of Civil Procedure 55(a) on June 11, 2009.

On June 16, 2009, Mr. Gary Beeny, President of Transtar, emailed Third Party Plaintiffs' counsel regarding the June 10th entry of default against his company, but did not file a responsive pleading with the Court.[10]  On July 7, 2009, Third Party Plaintiffs requested that the Clerk of the Court enter default judgment against Third Party Defendant "in the amount of $252,289.85".  On the same date, Third Party Plaintiffs' attorney, Mr. Stuart Seiden, submitted a Declaration In Support of his client's Request for Entry of Default Judgment, stating that his clients sued the Third Party

---

[5] Docket Entry No. 16.

[6] Although the Third Party Complaint included claims for negligence, breach of contract, and breach of implied contract, the relief sought in each of these counts rests in indemnification only.

[7] Docket Entry No. 18.

[8] Fed. R. Civ. P. 12(a)(1)(A)(i).

[9] Docket Entry No. 20.

[10] Docket Entry No. 27 [Exhibit D of Defendants/Third Party Plaintiffs Tribeca Lending Corporation and Franklin Credit Management Corp.'s Response to Third Party Defendant, Transtar National Title Company's Motion to Strike and, In the Alternative, Petition to Open and Stay Judgment].

Defendant "for a sum certain as outlined in the Third Party Complaint."[11]  On July 9, 2009, the Clerk once again entered default against Third Party Defendant for its failure to appear, plead, or otherwise defend.  Default judgment was not entered.

On July 23, 2009, counsel for Third Party Defendant filed a notice of appearance[12] and the instant Motion to Strike And, In the Alternative, Petition to Open and Stay Judgment.  In its motion, Third Party Defendant argues that default judgment entered against it by the Clerk should be stricken or in the alternative, opened, because Third Party Plaintiffs' claim is not for a sum certain or a sum that could be made certain by computation.  As apparent from Third Party Defendant's motion, Third Party Defendant erroneously believes that default judgment has been entered against it, when in fact, only default has been entered.

On August 6, 2009, Third Party Plaintiffs filed a Response and Brief in Opposition to Third Party Defendant's Motion.[13]  On August 13, 2009, Third Party Defendant filed its Brief In Support of the Motion, to which Third Party Plaintiff filed its Reply in opposition on August 25, 2009.[14]  This Court held a hearing on Third Party Plaintiffs' Request for Default Judgment and Third Party Defendant's Motion to Strike and In the Alternative, Petition to Open and Stay Judgment on September 14, 2009 to resolve the two pending motions.

---

[11]  Docket Entry No. 23.  On the record, during the hearing for the instant motions, Third Party Plaintiffs' counsel modified the requested amount for relief from $252,289.85 to $93,370.79.

[12] Docket Entry No. 24.

[13] Docket Entry No. 27.

[14] Docket Entry Nos. 28 and 30.

## II.   STANDARD OF REVIEW

The Court may set aside an entry of default for good cause shown.[15]  In determining whether the Court should exercise its discretion to set aside an entry of default, Third Circuit precedent directs the Court to consider the following three factors: (1) whether the defendant has a meritorious defense; (2) whether the plaintiff would be prejudiced by vacating the default; and (3) whether the default occurred as a result of the defendant's culpable conduct.[16]  Any doubt should be resolved in favor of setting aside the default and reaching a decision on the merits.[17]

## III.   DISCUSSION

The docket reflects that while default was entered against Third Party Defendant for its failure to appear, plead, or otherwise defend, default judgment was not.  There has been no final judgment, order, or proceeding entered in this matter.  Despite argument from both parties related to relief from a final judgment, Federal Rule of Civil Procedure 60 does not apply to the facts currently before this Court.  Consequently, the Court *sua sponte* construes Third Party Defendant's Motion to Strike and, In The Alternative, Petition to Open and Stay Judgment as a Motion to Strike Entry of Default.  The Court will now address each factor that must be considered in determining whether it should set aside the entry of default against Third Party Defendant.

---

[15]  Fed. R. Civ. P. 55(c).

[16]  Budget Blinds, Inc. v. White, 536 F.3d 244, 256 (3d Cir. 2008)(citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)); see also Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982) (adding defendant's culpability as a factor to be considered); Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976) (requiring courts to consider more than just the fact that defendant defaulted).  Further, although prior Third Circuit opinions include a fourth factor, the effectiveness of alternative sanctions, see e.g., Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987), the balance of authority adopts the three-factor approach.

[17]  Gross v. Stereo Component Systems, Inc.,700 F.2d 120, 122 (3d Cir. 1983).

4

A.    <u>Meritorious Defense</u>

A meritorious defense exists if the alleged facts which, "if established at trial, would completely bar plaintiff's recovery."[18]  The defaulting party is not required to "prove beyond a shadow of a doubt that [it] will win at trial"; it need only demonstrate "that [it has] a defense to the action which at least has merit on its face."[19]  Here, Third Party Defendant asserts that it did not violate the Manual of the Title Insurance Rating Bureau of Pennsylvania and did not charge Plaintiff Kia Lewis improper or excessive fees.  If these facts are established at trial, they would constitute a complete meritorious defense to the Plaintiff's claim for damages due to an alleged violation of TILA and Third Party Plaintiffs' claim for indemnification.

Moreover, on the face of the Third Party Complaint, Third Party Plaintiffs' claims for damages against Third Party Defendant are completely dependant upon the amount of damages, if any, Plaintiff Kia Lewis ultimately recovers.  Thus, Third Party Plaintiffs' damages against Third Party Defendant would require resolution of the original Plaintiff's claims before a default judgment amount could be awarded.  These factors weigh in favor of setting aside the entry of default.

B.    <u>Prejudice</u>

The Court next considers whether setting aside the entry of default will result in prejudice to the Third Party Plaintiffs.  Setting aside an entry of default prejudices the plaintiff where it results in "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment."[20]  Here, Third Party Plaintiffs present no evidence to suggest potential prejudice.  In

---

[18] Jackson v. Delaware County, 211 F.R.D. 282, 284 (E.D. Pa. 2002).

[19] <u>Id.</u>

[20] Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982).

their Brief in Opposition to Third Party Defendant's Motion[21], Third Party Plaintiffs simply assert that it would be prejudiced "if the Court were to permit the filing of an Answer five months after service of the Summons and [Third Party] Complaint was effectuated and default entered" without further explanation or proof.  Nor did Third Party Plaintiffs provide explanation or proof of potential prejudice during the hearing on the instant Motion.

      C.    <u>Culpable Conduct</u>

      A defendant's conduct is culpable where its delay in answering is willful or in bad faith.[22] More than mere negligence must be demonstrated.[23]  Determining whether neglect is excusable is an 'equitable' determination that 'takes account of all relevant circumstances surrounding the party's omission."[24]  In the instant case, Third Party Defendant explains that its failure to respond was due to an inadvertence and temporary neglect stemming from an unexpected influx of business.  Mr. Beeny testified that Ms. Ramold never gave him the Complaint or summons after his company was served, however, as soon as he became aware of the litigation in mid-June 2009, he personally contacted Third Party Plaintiffs' attorney and sought counsel to represent his company.  In addition to his testimony, Mr. Beeny submitted an affidavit to this effect.[25]  Based on the evidence presented, the Court cannot find that Third Party Defendant's conduct was culpable.  While the Court believes that Third Party Defendant's conduct was negligent, the Court does not believe that it was

---

[21] Docket Entry No. 27-6.

[22] See Feliciano, 691 F.2d at 657.

[23] Hirtz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984).

[24] Manus Corp. v. NRG Energy, Inc., 188 F.3d 116, 125 (3d Cir. 1999) (citation omitted).

[25] Docket Entry No. 31.

sufficiently willful or in bad faith to warrant maintenance of the entry of default.  Moreover, to permit the default against Third Party Defendant for its failure to appear, plead, or otherwise defend, to mature into a default judgment, would have the collateral consequence of effectively determining original Plaintiff Kia Lewis' underlying claims against the Defendants/Third Party Plaintiffs without a determination on the merits.  In light of the equities and circumstances of this case, Third Party Defendant's temporary error will not be given such a conclusive effect.

IV.    CONCLUSION

Upon consideration of Third Party Plaintiffs' Request for Default Judgment; Third Party Defendant's Motion to Strike and, In the Alternative, Petition to Open and Stay Judgment; Third Party Plaintiffs' Responses thereto, and after oral argument from the parties, the Court finds that: (1) Third Party Defendant presents a meritorious defense under TILA and the Manual of the Title Insurance Rating Bureau of Pennsylvania; (2) Third Party Plaintiffs are not prejudiced by setting aside default as they have the option to seek relief from Third Party Defendant for any damages that might incur while this matter is litigated as well as to continue to seek relief for its third-party claims in the same manner as before the entry of default; and (3) default did not occur as a result of Defendant's culpable conduct.

As an entry of default is prerequisite to granting default judgement, the Court's decision to set aside entry of default compels the Court to deny Third Party Plaintiffs' Request for Default Judgment.  All remaining parties[26] are now actively involved in the litigation of the third party claims on their merits.

---

[26] On the record, during the hearing for the instant motions, counsel for both parties informed the Court that Plaintiff Kia Lewis has settled all claims with the original Defendant.  Thus, the only pending claims are those between Third Party Plaintiffs and Third Party Defendant.

An appropriate Order is attached.